Mr. Owens was convicted of first-degree murder after a bench trial at which, as the prosecution characterized it, the whole case was about identification. However, in convicting Mr. Owens, the trial court determined that all the witnesses at trial had skirted the real issue, and the court convicted Mr. Owens based on three factual assertions, none of which were introduced into evidence. In convicting Mr. Owens based on evidence other than that presented at trial, the trial court violated one of the most basic precepts of the fair trial right. And in dismissing that error as harmless, the Illinois Appellate Court violated Mr. Owens' clearly established federal rights. For that reason, Mr. Owens' federal habeas petition should be granted. Both the district court and the Illinois Appellate Court either found or assumed that the trial court erred in making its extrajudicial findings. The state contests that here. However, unless this court would like me to address that, I will move straight to the harmless error inquiry, which we believe is the heart of this case. In reviewing harmless error under AEDPA, this court applies two standards. Under Chapman, it looks to whether the error is harmless beyond a reasonable doubt. And under Brecht, it looks to whether the error had a substantial and injurious effect on the defendant's rights. We believe, based on the record before this court, that both of those there was no physical evidence tying Mr. Owens to the crime whatsoever. The evidence was in large part that of two testifying witnesses, Mr. Evans and Mr. Johnny. Mr. Evans, which the Illinois Appellate Court noted on pages 148 of the record, his evidence was severely called into question, was testifying pursuant to a cooperation agreement. Mr. Evans testified that he had seen two assailants. That's on page 66 of the record. Mr. Johnny said there was one assailant. And Mr. Evans said that when the assailant ran past him, he didn't see his face. Also, Mr. Johnny, the other witness, testified that there was only one assailant. Mr. Johnny testified he had never seen Mr. Owens before. Mr. Johnny only was contacted by the police six days after the incident. He did not go to the police. He was called by them. And when Mr. Johnny went to the police, he was shown a photo book. And subsequently, when he identified Mr. Owens in a police lineup about a month later, Mr. Owens was the only individual who appeared both in the photo book and subsequently in the lineup. For those reasons, we believe that the testimony of the witnesses was inconsistent, both internally inconsistent and inconsistent with each other. This creates a substantial question about the evidence presented. And what the trial court did in finding that the none of which were in the record was create a motive that tied this whole case together. Well, all the judge needed to say was guilty, correct? That's correct, Your Honor. Everything else he said was superfluous. I disagree with respect on that, Your Honor. Well, the killing seemed to have no reason unless there was this motive, right? Your Honor, at trial, there was just don't come out of nowhere and club somebody over the head. One hopes not, Your Honor. But there was no evidence introduced one way or the other about that. And I think that the real error of the trial court here is that if, in fact, the prosecution had introduced evidence that Mr. Owens knew Mr. Nelson or Mr. Owens killed Mr. Nelson, he would have had the opportunity to introduce contrary evidence and oppose that. The fact introduced this and highlighted this in the only thing he says shows that the trial court didn't think this was superfluous. I would suggest that what the trial court may have thought is that the evidence of identification is weak, perhaps not sufficient. But I, trial judge, know what's really going on here. And I can tie this all together. And the way he did that was through motive. It's true for sure that motive is not a formal element of the crime in Illinois. And I concede that. But motive is often very important in murder cases because you want to understand why did this happen? And maybe it creates a complete story. And I think that's what the trial did here. The area is kind of a shady area. It's near some liquor store. There are obviously some drug dealers in the area. One of the witnesses is a drug dealer. He's convicted of it, right? And he's trying to get a better deal on that. The victim must be a drug dealer. So it's late at night. The judge is looking for some explanation for why this murder happens. Your Honor, the judge has every right to look for an explanation based on the evidence presented. He can't create an explanation based on facts totally outside the record. There had been a motion for judgment acquittal at the close of the state's case. Is that right? That's right. And the judge denied that. That is correct. Isn't that a reflection that the judge felt that the identification evidence was sufficient? Your Honor, at that point, the judge didn't give any explanation. So we don't know whether he thought the identification evidence was sufficient or he thought his own theory of motive was what really tied the case together. To put this in another way, if the state at closing had said, Your Honor, what's really going on here is Mr. Owens is a drug dealer. He knew Mr. Nelson was a drug dealer and he killed him for that reason. We would have objected. And I think our objection would have been sustained because that would have been complete hypothesis based on things outside the record. And Mr. Owens contests all of those facts, yet he was given no opportunity whatsoever to contest them in front of the judge because these issues simply were not raised. And so for the judge at closing in his brief statement, not a closing, I'm sorry, in giving his judgment for the judge to introduce this and say that this is the real issue in the case, I think shows how important the judge believed this was and therefore how it cannot be rendered harmless by the presence of this other identification evidence which we think is weak. In this case, when you have... There was some evidence of flight, wasn't there? At the time of his arrest, Mr. Owens... Which was a month or so after the incident. That's exactly right. And he's pulled over for a traffic violation. That's... He was speeding, yes. And goes through some kind of elaborate effort to elude the police after that? That's correct. He continued to drive. I don't know if it's an elaborate effort, but he certainly continued to drive. Eventually he pulled over. And then didn't he run through either cross over or cross under? He says he walked away. The testimony at trial from a police officer was that he ran across a median. Again, if the state believed that that was really pertinent, they could have argued in front of the simply, if in fact one runs away when one is stopped for a traffic offense... Why was it introduced into evidence? The state introduced it as circumstances of his arrest, in part because he was contesting the probable cause to make that arrest. But it didn't form any part of the state's substantive argument. And I don't think the state here is arguing that it did either. But again, I think the reason this cannot be rendered harmless is because the judge's simply said guilty. The fact that he said more gives us evidence of what he was thinking. So if this went back to trial, if we grant the writ, it goes back to trial, same evidence comes in, and the judge says guilty, that couldn't be challenged? I would maybe not be standing here if those were the facts. But it could be the case that the judge listens to all the evidence, in fact doesn't listen to it and is just thinking of something else, flips a coin under the dais, it's heads, he says the defendant is guilty, I'll just say guilty because it's heads. Now obviously that would be a constitutional violation, but we would have no way of proving it because he just said guilty. Here, he says guilty and he gives an explanation, so it gives us the proof to be before the court. If he had just said guilty, maybe we could in theory have this argument, but in practice we wouldn't be able to make it.  It's been 16 years, right? It has been. If there are no further questions, I'll reserve the rest of my time for rebuttal. Thank you. Thank you very much, Mr. Ballas. Mr. Fisher? Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the respondent. I'd like to start with a dispositive... Is he still a judge? I do not know that either, Your Honor. I'd be happy to investigate and submit something if you wish. But I do think it's important to start with the dispositive issue that Petitioner has declined to address here, but it's one that the District Court actually recognized in its opinion, which is that there is no U.S. Supreme Court precedent on point under which... Under what? Well, first, under 2254 D, as the Supreme Court's made clear in cases like Musladeen and Wright v. State Court, rejecting a petitioner's claim on the merits can't be contrary to or an unreasonable application of Supreme Court precedent that does not exist. And it is true that in this case, the State Court dealt with this on harmless error grounds. Later this month, the U.S. Supreme Court will hear arguments in Chappell v. Ayala, which addresses the question of whether the 2254 D relitigation bar applies to the merits of a constitutional claim that's denied on harmless error grounds by the State Court. But in this case, it doesn't affect the outcome. I don't understand how a guilty verdict with this statement by the judge can stand up. He defines this as the real issue based on the fact that he knew this person was a drug dealer and wanted to knock him off. That's the real issue? Well, I think that Judge Tinder actually characterized it in his questioning in that this is the putting the crime into... Well, what would you say he meant by the real issue? I think that he was attempting post hoc to put a crime that had been proven by the evidence introduced at trial into some kind of rational narrative understanding of the crime that took place. The motive he infers... Well, really, honestly, who knows what he meant when he said the real issue? For all we know, the real issue was the reason that he found him guilty was that Larry Owens knew he was a drug dealer and wanted to knock him off for that reason. That's the motive. That's the natural reading of what he said. I think, Your Honor, if you look at... Well, a couple of answers to Your Honor's question. First, I think if you look at what he said, the motive that he infers... I'm looking at what he said. Apologies, Your Honor. The motive that the trial court inferred is not some sort of unique motive that he says the petitioner knew that he was a drug dealer and... Answer me. Why did he say this? I think that his speculation... Why did he say he knew he was a drug dealer and what is that even material to? Well, it's not material, Your Honor, other than as a post hoc rationalization. I think it's the same sort of speculation. I don't understand. You find a person guilty of murder and then you offer a post hoc rationalization. What is that about? I think, probably, Your Honor, that the same kind of speculation as to why a crime that has been proven occurred happens in the judge's head in a bench trial or in the jury room in a jury trial all the time and usually it's just not verbalized. The constitutional questions are, was the verdict supported beyond a reasonable doubt by the evidence that was introduced at trial? And in reaching that verdict, was the trier effect... Well, what if the judge said, well, I found you guilty, but I don't really know whether you're guilty, but, you know, you're a druggie, so I'm going to find you guilty. Now that would invalidate the verdict, right? Well, you don't think so. That's just a post hoc rationalization. Is that what you're saying? No, I think that would indicate that there was, that the trier effect had not properly understood the state's burden of proof in the case, but there's no suggestion here that the trial court didn't... I don't think that that is a constitutional violation for him to have inferred this motive from the evidence that was introduced at trial based solely on that evidence that was introduced at trial. But the question is, what did this speculation, apparently without support or without proof, that Owens knew he was a drug dealer, what role did that play in the judge's finding of guilt? First, I disagree that it's without support. Second, I don't think that we can answer... What is the support that he knew he was a drug dealer? Well, first, there is evidence, obviously, that the victim was a drug dealer. He had a large quantity of drugs on him, packaged in small amounts for sale. He was riding around on his bike outside a liquor store at nighttime, approaching cars with people he did not know, having conversations with them, all of which is behavior that, while not necessarily indicative that he was engaged in the act of drug dealing, certainly you could reasonably infer, if you were someone who saw this, that he was... Was that something the government tried to prove at trial? No. In fact, Your Honor, the government did not, even though the evidence does reasonably support this inference, the government did not attempt to show motive. So the judge raised the sentence on his own evidence? Is that... Not on his own evidence, Your Honor, but he did apply his own common sense and experience to the evidence that was introduced at trial, and that is appropriate. In fact, juries are instructed not to leave their common sense behind when they consider... Was there a defense argument that Owens had no motive to kill, that there's no explanation for why he would do this? I apologize, Your Honor, it's difficult to answer a negative... Conclusively, I don't recall seeing that being something that the defense put forward. Judge said this at all? I think he was, in the way that juries and judges making a bench, making a decision from the bench, often try to put the events of a crime into the context of a story they can understand, that's what he was doing. And prosecutors understand this is what's going on. A story to make up a story? He didn't make... Make it sound better? He didn't make up a story, Your Honor. Prosecutors understand the importance of... This shows the judge actually had uncertainty about guilt, but thought maybe Owens knew he was a drug dealer, that would make his guilt more evident. I think actually, Your Honor, what is going on here is that there is evidence that the judge can speculate reasonably as to why... No, he's saying this is the real issue. You have not explained why he calls this the real issue. I don't think that the real issue implies that it's the real legal issue. I think the judge understands the... Oh, come on. The real issue means the real issue in the case. He could mean the real factual issue of what occurred between petitioner and defendant. I assume that the trial court knew the elements of the crime that he was considering. Why did he say the real issue? I can't answer conclusively, Your Honor, why he said it was the real issue. But I can say that there is no Supreme Court precedent that says that when a judge speculates as to motive based solely on the record that was introduced at trial, and that that motive is not an element of the crime where the petitioner is not alleging either some inappropriate outside influence on the finder of fact in reaching his verdict, or that there wasn't sufficient evidence to prove him guilty beyond a reasonable doubt, that either under the 2254 D1 re-litigation bar or under Teague, he can't receive relief on a habeas claim on collateral attack. Did this case end up being tried to the judge because of a waiver of jury trial by the defendant? Um, Your Honor, I don't remember specifically, but I would assume so. I mean, it's required before it can happen. That's typically what happens in Cook County, right? Yeah, well, it's required constitutionally before it can happen. Well, no, no, he has to waive it, but then you're bound by it, right? Yes. Unlike many other states where both sides have to agree. No, in Cook County, if the defendant waives the jury trial, you're bound to try a bench trial. Yes, Your Honor. I see that my time is up, so unless the court has any additional questions. Thank you very much. Thank you. Mr. Fisher. Mr. Barber? Just three brief points, Your Honors. Firstly, Google informs us that Judge Marcello died in 2013, so I think it's fairly good evidence that he's no longer. It's not going back to him? Probably not going to go back to him. Depending where he is, maybe, you know. Perhaps if he's in purgatory, he'll have to deal with this. Two quick points beyond that, Your Honors. Firstly, the state continues to argue that there is no clearly established Supreme Court precedent. The state, the implication of that argument is that a judge can convict somebody based on evidence not introduced at trial. The judge's only evidence we have here was he thought this was the real issue, and I would submit to the court that what the judge was saying there was, I need to make sense of this, as the state said. He has every right to make sense of what happened before him. He cannot make sense of what happened before him by inventing evidence that doesn't exist in the record. This is not a remarkable proposition. I would say this is one of the most fundamental aspects of a fair trial. The other point I'd like to briefly respond to is this question of whether or not there was any argument about motive introduced by Mr. Owens. The trial record doesn't have any evidence of that, and I think that's only more indicative of the fact that there was no issue of motive and the judge invented it. For that reason, we ask the petition be granted. Thank you. Okay. Thank you very much. And were you appointed, Mr. Klein? I was, Your Honor. Okay. Well, we thank you for your efforts on behalf of your client. We also thank Mr. Fisher for his efforts.